## CALDWELL v. MAXFIELD et al.

1. In reviewing the action of the trial court in directing a verdict, the party against whom the verdict was directed is entitled to have the evidence viewed in the most favorable light to him of which it is susceptible, for so the jury might have viewed it and acted upon it.

2. D. & W. contracted with respondent to construct certain houses for him. They obtained the building material therefore from appellant, drawing upon respondent from time to time to make payments thereon. When the buildings were nearly completed, D., in drawing upon respondent for the amount of the unpaid balance for material, arranged with appellant to add $100 to the amount of such draft, which appellant should pay him in cash. Appellant drew the draft reciting that it was "in full for lumber," etc., and D. signed it, for $100 more than the material account, presented it for payment to respondent, without informing him that it represented anything but the lumber account. Respondent paid it in ignorance of such fact, and appellant paid the $100 so collected to D. *Held*, that the transaction on its face constituted a legal fraud upon respondent, which entitled him to recover the $100 from appellant.

(Syllabus by the Court.   Opinion filed August 24, 1895.)

Appeal from circuit court, Beadle county.   Hon. A. W. CAMP-BELL, Judge.

Action to recover money alleged to have been obtained fraudulently.   Plaintiff had judgment, and defendants appeal.   Affirmed.

The facts are stated in the opinion.

*T. H. Null,* for appellant.

*K. W. Wheeler,* for respondent.

362 CALDWELL *v.* MAXFIELD *et al.*

KELLAM, J. At the close of the trial of this case the court of its own motion, directed the jury to find for the plaintiff. From the judgment entered upon such verdict, defendant appeals.

In considering the question of error in thus directing the verdict, the appellant is entitled to have the evidence viewed in the light most favorable to him of which it is susceptible, for so the jury might have viewed it and acted upon it. The facts as admitted by the pleadings and testified to by defendant were these: The plaintiff contracted with Denmark & Wheeler to construct for him a number of dwelling houses in the city of Huron. The contractors procured the lumber of a company for which defendant was the local manager. When the buildings were approaching completion, defendant called on Denmark for more money on the lumber account. He went to defendant's office, ascertained the amount then due for lumber already used and unpaid for, made an estimate of the amount still needed to complete the buildings, and proposed to draw on plaintiff for the same, as he had done before. The lumber account so figured amounted to $982. Denmark then proposed to defendant to add $100 to such amount, to be paid by defendant to him in cash, to be used in paying his men who were working on these houses. The draft was as follows: "E. P. Caldwell, Esq.—Sir: Please pay to the order of H. A. Maxfield, agent, in full for lumber etc., in your last four houses, $1,082. Denmark & Wheeler." Defendant presented the draft to plaintiff, who paid it, and defendant paid the $100 to Denmark. The evidence very clearly negatives any intentional wrong upon the part of defendant, but we think, with the trial court, that the legal effect of his consenting to add the $100 to the lumber or material account and collecting the same from plaintiff, on a draft that expressly notified him that it was for lumber, without in any manner disclosing to him the fact that the draft was not what it purported to be, was in legal effect a fraud upon him. Suppose there had been no written order, but by an arrangment between Denmark and the defendant the latter had called on plaintiff for $1,082, giving him to understand that it was the balance due for lumber, and had thus received

$100 more than the lumber account, which he turned over to Denmark, there could be little question that defendant would be liable to plaintiff for the amount so obtained. When the money was thus procured, the cause of action was complete, and it was not incumbent on the plaintiff to show, as an element of his cause of action, that he was not indebted to the party to whom the money was finally paid, or that it did not afterwards go to pay somebody whom he owed. So far as such facts could be used, they were properly defensive for the purpose of showing that what was *prima facie* a wrong to and fraud upon him did not result in his injury. These are our views upon the only question argued by appellant. The plaintiff's evidence of course presents a much stronger case on his side, but even on the defendant's own showing we think the verdict was rightly directed, and the judgment of the circuit court is affirmed. All the judges concur.